UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MLB ADVANCED MEDIA, L.P. and MAJOR LEAGUE BASEBALL PROPERTIES, INC.<br><br>Plaintiffs,<br><br>-against-<br><br>JEMAL DORTCH A/K/A JAMAL DORTCH A/K/A JAMAL WIGGINS, GREGORY SIMMONDS A/K/A RAYMOND MUNZ A/K/A RAYMOND MONZ A/K/A RAYMOND SWANBEE A/K/A RAYMOND PORTER, ALFRED SMITH, AMADOU BALDE, ARTHUR KNIGHT A/K/A ANDRE MACK, DARIEN ANDRE CAINES, AND NATHANIEL BOWMAN A/K/A QUINCY,<br><br>Defendants. | Docket No. 1:25-cv-05636 (LAP) (GS)<br><br>~~[PROPOSED]~~ **FINAL DEFAULT JUDGMENT AND PERMANENT INJUNCTION ORDER** |

This matter comes before the Court on Plaintiffs' motion for the entry of final judgment by default and a permanent injunction against Defendants Jemal Dortch a/k/a Jamal Dortch a/k/a Jamal Wiggins ("Dortch"), Gregory Simmonds a/k/a Raymond Munz a/k/a Raymond Monz a/k/a Raymond Swanbee a/k/a Raymond Porter ("Simmonds"), Alfred Smith ("Smith"), and Nathaniel Bowman a/k/a Quincy ("Bowman") (collectively, the "Defaulting Defendants") for trademark infringement, trademark counterfeiting, false designation of origin, dilution, and unfair competition claims arising out of the Defaulting Defendants' unauthorized use of Plaintiffs' MLB Trademarks[1] including, without limitation, in their advertising, marketing, promoting, distributing, displaying, offering for sale, and/or selling unauthorized merchandise, including but not limited

---

[1] As defined in the Complaint and Amended Complaint. ECF Nos. 1, 14.

to, apparel, baseball caps, and headwear, bearing one or more identical, substantially indistinguishable, or confusingly similar copies of the MLB Trademarks.

The Court, having considered the Memorandum of Law, Declaration of Robertson D. Beckerlegge in support of Plaintiffs' Motion for Default Judgment and exhibits annexed thereto, including the Affidavits of Service of the Summons and Complaint and the Certificates of the Clerk of the Court stating that no answer has been filed in the instant action by the Defaulting Defendants, and upon all other pleadings and papers on file in this action, it is hereby:

ORDERED, ADJUDGED, AND DECREED that judgment is granted in favor of Plaintiffs on all counts in the Complaint against the Defaulting Defendants.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that because it would serve the compensatory and punitive purposes of the Lanham Act's prohibitions on trademark counterfeiting and infringement, and because Plaintiffs have sufficiently set forth the basis for the statutory damages requested in their Motion for Default Judgment, the Court awards Plaintiffs Two Hundred Thousand U.S. Dollars ($200,000.00) in statutory damages against each of the Defaulting Defendants, for a total award of Eight Hundred Thousand U.S. Dollars ($800,000.00).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED, that the Defaulting Defendants, along with all of their officers, agents, servants, employees, representatives, successors, assigns, attorneys, and all other persons acting on behalf of, for, with, through, or under authority from the Defaulting Defendants, or in concert or participation with the Defaulting Defendants, who receive actual notice of this Order, are permanently enjoined and restrained from:

A. Using in connection with the manufacture, sale, offering for sale, distribution, advertising, or promotion of any goods or services, including but not limited to use on

2

the products themselves, and/or on the labels or packaging for the products and/or advertising or promotional materials for such products or services:

i.   any reproduction, counterfeit, copy, or colorable imitation of the MLB Trademarks, or any other trademarks, service marks, names, trade names, trade dresses, logos, designs, distinctive colors, color combinations, striping, uniform designs, or the positioning of such elements on uniforms, that are substantially indistinguishable from, confusingly similar to, or dilutive of any of the MLB Trademarks;

ii.  any images, pictures, posters, photographs, caricatures, depictions, or likenesses in a still or moving form (collectively, "Images"), in whole or in part, of current or former players, coaches, or managers wearing any item resembling a Major League Baseball uniform, or a component of such uniform, on or in any products or materials, including but not limited to on any product, advertising, or promotional materials. For purposes of this Order, jerseys, pants, jackets, caps, helmets, and catchers' equipment are considered components of a Major League Baseball uniform;

iii. any uniform number, baseball player name, any Images, a geographical designation, initials, abbreviation, or other geographical reference to the location of a MLB Club, when used in conjunction with any of the MLB Trademarks or other names, trademarks, trade dress, colors, or designs that are similar thereto or which identify or are associated with or suggest a connection with any of the MLB Entities;

3

B.  Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' or the MLB Entities' business reputation, or dilute the distinctive quality of Plaintiffs' or the MLB Entities' names and the MLB Trademarks;

C.  Using a false description or representation, including words or other symbols tending to falsely describe or represent the Defaulting Defendants' unauthorized goods as being those of Plaintiffs or the other MLB Entities, or as being sponsored by, licensed by, authorized by, originating from, or otherwise associated with Plaintiffs or the other MLB Entities, and from offering such goods into commerce;

D.  Further infringing the MLB Trademarks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks;

E.  Using any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Trademarks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiffs or the other MLB Entities;

F.  Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade or public, or individual members thereof, to believe that any products manufactured, distributed, sold, or rented by the Defaulting Defendants are in any manner associated

4

with, connected to Plaintiffs or the other MLB Entities, or is sold by, manufactured by, licensed by, sponsored by, approved by, or authorized by Plaintiffs;

G. Engaging in any activity constituting an infringement of any of the MLB Trademarks or of Plaintiffs' rights in, or to use or to exploit, said MLB Trademarks, or constituting any dilution of Plaintiffs' name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records that contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, or displaying of all unauthorized products which infringe the MLB Trademarks;

I. Selling, offering for sale, or advertising any merchandise bearing the MLB Trademarks on the Internet or in e-commerce, including but not limited to all forms of social media; and

J. Effecting assignments or transfers, forming new entities or associations, assisting, aiding, abetting any other person or entity, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the Defaulting Defendants must deliver up for destruction to Plaintiffs all unauthorized products and advertisements in their possession or under their control bearing any of the MLB Trademarks or any simulation, reproduction, counterfeit, copy or colorable imitation thereof, and all plates, molds, matrices and other means of production of same pursuant to 15 U.S.C. § 1118.

5

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that any failure by the Defaulting Defendants to comply with the terms of this Order shall be deemed contempt of Court, subjecting the Defaulting Defendants to contempt remedies to be determined by the Court, including fines and seizures of property.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce this Order.

Dated: _____ May 11 _____, 2026
      New York, New York

_____
HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE