**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

MLB ADVANCED MEDIA, L.P. and MAJOR LEAGUE BASEBALL PROPERTIES, INC.

Plaintiffs,

-against-

JEMAL DORTCH A/K/A JAMAL DORTCH A/K/A JAMAL WIGGINS, GREGORY SIMMONDS A/K/A RAYMOND MUNZ A/K/A RAYMOND MONZ A/K/A RAYMOND SWANBEE A/K/A RAYMOND PORTER, ALFRED SMITH, AMADOU BALDE, ARTHUR KNIGHT A/K/A ANDRE MACK, DARIEN ANDRE CAINES, AND NATHANIEL BOWMAN A/K/A QUINCY,

Defendants.

Docket No. 1:25-cv-05636 (LAP) (GS)

**CONSENT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT DARIEN ANDRE CAINES**

Plaintiffs MLB Advanced Media, L.P. ("MLBAM") and Major League Baseball Properties, Inc. ("MLBP") (together, "Plaintiffs"), and Defendant Darien Andre Caines ("Defendant," and together with Plaintiffs, the "Parties"), stipulate and agree as follows:

1. Plaintiffs are the owners and/or exclusive licensees of trademarks associated with the Office of the Commissioner of Baseball, all of the 30 Major League Baseball Clubs (the "MLB Clubs"), including the New York Yankees (the "Yankees") and New York Mets (the "Mets") baseball clubs, and their respective affiliated and related entities (collectively, with the Plaintiffs, the "MLB Entities").

2. Pursuant to agreements among the MLB Entities, the Plaintiffs commercially exploit, protect, and enforce rights in the famous and distinctive trademarks, names, logos,

symbols, emblems, uniform designs, uniform trade dress colors, and other identifying indicia associated with the MLB Entities.

3. Included among the intellectual property licensed and enforced by Plaintiffs are the MLB Entities' trademarks, service marks and trade names and the trademark names owned, licensed, protected, and/or used by the MLB Entities and/or under which each of the MLB Clubs competes, along with a variety of other names, trademarks, service marks, logos, designs and trade dresses owned, licensed, protected, and/or used by the MLB Clubs, (all referred to collectively herein as the "MLB Marks"), including, without limitation, the MLB Marks described in **Exhibit 1**, and the unique and inherently distinctive colors, color combinations, striping, uniform designs and/or positioning of the MLB Club names, logos, and other elements (such as geographic designations) used on the MLB Clubs' uniforms, or components thereof (the "MLB Uniform Trade Dress"; it is understood that all references herein to the MLB Marks include MLB Uniform Trade Dress).

4. The MLB Entities and their predecessors, affiliates, and licensees have long used and are using the MLB Marks, and many of the MLB Marks are the subject of valid federal and/or state trademark registrations, representative samples of which are listed in **Exhibit 2**.

5. As a result of the substantial use, marketing, and promotion of the MLB Marks for many years in connection with baseball-related services and as part of an extensive licensing program on a wide variety of goods and services relating to and promoting the MLB Clubs, the MLB Marks have become associated by fans, consumers and the trade, press, media and public with the MLB Entities and have developed considerable and valuable goodwill of great value to the MLB Entities.

6. Defendant is distributing, advertising, marketing, offering for sale, and/or selling products that incorporate one or more of the MLB Marks or substantially indistinguishable, confusingly similar, or dilutive imitations thereof.

7. Defendant is not licensed or authorized by Plaintiffs to use the MLB Marks on or in connection with goods.

8. Defendant's unlawful activities described above are likely to cause confusion, mistake, or deception among members of the consuming public, and, in particular, among Yankees and Mets fans.

9. Defendant's unlawful activities described above are likely to dilute, by blurring and/or tarnishment, the distinctive quality of one or more of the MLB Marks.

10. Defendant acknowledges and agrees that manufacturing, distributing, advertising, marketing, offering for sale, and selling other products that incorporate one or more of the MLB Marks or substantially indistinguishable, confusingly similar, or dilutive imitations thereof would violate the terms of the permanent injunction below.

11. If this Court declines to grant an injunction and the other relief described below, Plaintiffs will have no adequate remedy at law and will suffer immediate and irreparable harm in the form of injury to Plaintiffs' reputation and property rights, harm to the goodwill associated with the MLB Marks, loss of quality associations and control over the MLB Marks and Plaintiffs' brands, and decreased sales of licensed merchandise.

12. If this Court declines to grant an injunction and the other relief described below, the harm to Plaintiffs clearly outweighs any harm that Defendant may incur, because Defendant has no legitimate rights to use the MLB Marks, Defendant has not requested permission from Plaintiffs to use the MLB Marks, and Plaintiffs have not consented to such use.

13. It is in the public interest that the infringing and counterfeit goods, be removed from sale to consumers.

14. On July 8, 2025, Plaintiffs filed this action against Jemal Dortch and on October 24, 2025 amended the complaint to add Defendant and others, alleging claims for counterfeiting and trademark infringement under the Lanham Trademark Act, 15 U.S.C. § 1114, false description/false designations of origin under the Lanham Act, 15 U.S.C. § 1125(a), trademark dilution under the Lanham Act, 15 U.S.C. § 1125(c), trademark infringement in violation of New York General Business Law § 360-k, injury to business reputation and dilution under New York General Business Law § 360-l, and common law unfair competition and trademark infringement.

15. The Court has jurisdiction over the subject matter of this action and over Defendant, and venue in this action is proper in this judicial district.

16. Plaintiffs and Defendant have entered into a confidential settlement agreement ("Settlement Agreement") and have consented to the entry of this Consent Judgment and Permanent Injunction ("Consent Judgment") with regard to the Plaintiffs' claims against Defendant.

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that final judgment is granted in favor of Plaintiffs on all counts in the Amended Complaint against Defendant.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant, along with all of his officers, agents, servants, employees, representatives, successors, assigns, attorneys, and all other persons acting on behalf of, for, with, through, or under authority from Defendant, or in concert or participation with Defendant, who receive actual notice of this Order, are permanently enjoined and restrained from:

A. Using in connection with the manufacture, sale, offering for sale, distribution, advertising, or promotion of any goods or services, including but not limited to use on the products themselves, and/or on the labels or packaging for the products and/or advertising or promotional materials for such products or services:

i. any reproduction, counterfeit, copy, or colorable imitation of the MLB Marks, or any other trademarks, service marks, names, trade names, trade dresses, logos, designs, distinctive colors, color combinations, striping, uniform designs, or the positioning of such elements on uniforms, that are substantially indistinguishable from, confusingly similar to, or dilutive of any of the MLB Marks;

ii. any images, pictures, posters, photographs, caricatures, depictions or likenesses in a still or moving form (collectively, "Images"), in whole or in part, of current or former players, coaches, or managers wearing any item resembling a Major League Baseball uniform, or a component of such uniform, on or in any products or materials, including but not limited to on any product, advertising, or promotional materials. For purposes of this Order, jerseys, pants, jackets, caps, helmets, and catchers' equipment are considered components of a Major League Baseball uniform;

iii. any uniform number, baseball player name, any Images, a geographical designation, initials, abbreviation, or other geographical reference to the location of an MLB Club, when used in conjunction with any of the MLB Marks or other names, trademarks, trade dress, colors, or designs that are similar

thereto or which identify or are associated with or suggest a connection with any of the MLB Entities;

B. Engaging in any course of conduct likely to cause confusion, deception, or mistake, or to injure Plaintiffs' or the MLB Entities' business reputation or dilute the distinctive quality of Plaintiffs' or the MLB Entities' names and the MLB Marks;

C. Using a false description or representation, including words or other symbols tending to falsely describe or represent Defendant's unauthorized goods as being those of Plaintiffs or the other MLB Entities, or as being sponsored by, licensed by, authorized by, originating from, or otherwise associated with Plaintiffs or the other MLB Entities, and from offering such goods into commerce;

D. Further infringing the MLB Marks by manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting, displaying or otherwise disposing of any products not authorized by Plaintiffs bearing any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Marks;

E. Using any simulation, reproduction, counterfeit, copy or colorable imitation of the MLB Marks in connection with the rental, promotion, advertisement, display, sale, offering for sale, manufacture, production, circulation, or distribution of any unauthorized products in such fashion as to relate or connect, or tend to relate or connect, such products in any way to Plaintiff, or to any goods sold, manufactured, sponsored, approved by, or connected with Plaintiffs or the other MLB Entities;

F. Making any statement or representation whatsoever, or using any false designation of origin or false description, or performing any act, which can or is likely to lead the trade

or public, or individual members thereof, to believe that any products manufactured, distributed, sold, or rented by Defendant are in any manner associated with, connected to Plaintiffs or the other MLB Entities, or is sold by, manufactured by, licensed by, sponsored by, approved by, or authorized by Plaintiffs;

G. Engaging in any activity constituting an infringement of any of the MLB Marks or of Plaintiffs' rights in, or to use or to exploit, said MLB Marks, or constituting any dilution of Plaintiffs' name, reputation or goodwill;

H. Secreting, destroying, altering, removing, or otherwise dealing with the unauthorized products or any books or records which contain any information relating to the importing, manufacturing, producing, distributing, circulating, selling, marketing, offering for sale, advertising, promoting, renting or displaying of all unauthorized products which infringe the MLB Marks;

I. Selling, offering for sale, or advertising any merchandise bearing the MLB Marks on the Internet or in e-commerce, including but not limited to all forms of social media; and

J. Effecting assignments or transfers, forming new entities or associations, assisting, aiding, abetting any other person or entity, or utilizing any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (A) through (I).

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that all of the parties hereto consent to the issuance and entry of this Consent Judgment and waive the right to appeal from or otherwise contest this Consent Judgment, which may be entered in the form and content as set forth above without further notice to any party.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that nothing in this Consent Judgment shall relieve any party of any further obligations set forth in the confidential Settlement Agreement.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter and the parties in order to construe and enforce the provisions of the permanent injunction entered herein.

IT IS SO ORDERED this 3rd day of August, 2026.

HON. LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

STIPULATED AND CONSENTED TO BY:

Date: July 13, 2026
New York, New York

By: */s/ Robertson D. Beckerlegge*
**BAKER & HOSTETLER LLP**
Robertson D. Beckerlegge
Heather J. McDonald
Megan A. Corrigan
45 Rockefeller Plaza
14th Floor
New York, NY 10111
Tel: (212) 589-4200
Fax: (212) 589-4201

*Attorneys for Plaintiffs MLB Advanced Media, L.P. and Major League Baseball Properties, Inc.*

Date: July 16, 2026
New York, New York

By:
**DARIEN ANDRE CAINES**

*Defendant*