UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MLB Advanced Media, L.P., et al.,

Plaintiffs

-against-

Arthur Knight,

Defendant.

25-CV-5636

ORDER GRANTING LIMITED SCOPE PRO BONO COUNSEL

Loretta A. Preska, United States District Judge:

The Court directs that the Clerk of Court seek pro bono counsel to enter a limited appearance for the purpose of advising Defendant Arthur Knight in the above-captioned action. Counsel will file a Notice of Limited Appearance as Pro Bono Counsel.

## LEGAL STANDARD

The *in forma pauperis* statute provides that the courts "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. § 1915(e)(1). Unlike in criminal cases, in civil cases, there is no requirement that courts supply indigent litigants with counsel. *Hodge v. Police Officers*, 802 F.2d 58, 60 (2d Cir. 1986). Instead, the courts have "broad discretion" when deciding whether to seek *pro bono* representation for a civil litigant. *Id.* Even if a court does believe that a litigant should have a free lawyer, under the *in forma pauperis* statute, a court has no authority to "appoint" counsel, but instead, may only "request" that an attorney volunteer to represent a litigant. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 301–310 (1989). Moreover, courts do not have funds to pay counsel in civil matters. Courts must therefore request the services of *pro bono* counsel sparingly, and with reference to public benefit, in order to preserve the "precious commodity" of volunteer-lawyer time for those litigants whose causes are truly deserving. *Cooper v. A. Sargenti Co., Inc.*, 877 F.2d 170, 172-73 (2d Cir. 1989).

In *Hodge*, the Second Circuit Court of Appeals set forth the factors a court should consider in deciding whether to grant a litigant's request for *pro bono* counsel. 802 F.2d at 61-62. Of course, the litigant must first demonstrate that he or she is indigent, for example, by successfully applying for leave to proceed *in forma pauperis*. The court must then consider whether the litigant's claim "seems likely to be of substance" – "a requirement that must be taken seriously." *Id.* at 60–61. If these threshold requirements are met, the court must next consider such factors as:

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues[,] and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Id.*; *see also Cooper*, 877 F.2d at 172 (listing factors courts should consider, including litigant's efforts to obtain counsel). In considering these factors, district courts should neither apply bright-line rules nor automatically deny the request for counsel until the application has survived a dispositive motion. *See Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). Rather, each application must be decided on its own facts. *See Hodge*, 802 F.2d at 61.

## DISCUSSION

Given the early stage of the proceedings, the Court will request that counsel appear for the limited purpose of advising Defendant regarding a potential resolution of this litigation and, if necessary, setting a case management plan and discovery schedule. As part of the limited appearance, pro bono counsel may represent Defendant in settlement discussions.

Pro bono counsel will not be obligated for any aspect of Defendant's representation beyond the matters described in this order. In particular, pro bono counsel will not be required to respond to a dispositive motion. In the event that the Plaintiffs file a dispositive motion, pro bono counsel may seek appropriate relief, including an extension of Defendant's time to respond, or an

expansion of pro bono counsel's role to include responding to the motion. Absent an expansion of the scope of pro bono counsel's representation, pro bono counsel's representation of Defendant will end upon completion of discovery.

Under the Court's Standing Order regarding the Creation and Administration of the Pro Bono Fund (16-MC-0078), pro bono counsel may apply to the Court for reimbursement of certain out-of-pocket expenses spent in furtherance of Defendant's case. The Pro Bono Fund is especially intended for attorneys for whom pro bono service is a financial hardship. *See* https://nysd.uscourts.gov/forms/pro-bono-fund-order.

Upon the filing by pro bono counsel of a Notice of Completion, the representation by pro bono counsel of Defendant in this matter will terminate, and pro bono counsel will have no further obligations or responsibilities to Defendant or to the Court in this matter.

## CONCLUSION

For the foregoing reasons, Defendant's Application for the Court to Request Counsel is granted. The Court advises Defendant that the process for securing pro bono representation can be lengthy. The Court circulates pending cases to the bar at regular intervals, after which an attorney must review the case and obtain necessary clearances before contacting the Defendant to discuss representation. For all these reasons, some time may pass before a litigant is contacted by an attorney. The Court requests that the Defendant respond promptly to any outreach by a volunteer lawyer seeking to discuss possible pro bono representation.

As the Court relies on volunteers, there is no guarantee that a volunteer attorney will decide to take the case or that, should the services of the volunteer be declined, the court will locate another. In either instance, Defendant should be prepared to proceed with the case pro se.

The Clerk of Court shall mail a copy of this Order to Mr. Knight.

SO ORDERED.

Dated: August 3 2026
New York, New York

Loretta A. Preska
United States District Judge